UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JOSEPH KORDA,       :

                         Plaintiff,    :

                                          :    **DECISION AND ORDER**

              - against -       :    08-cv-106 (GBD)(RLE)

                                          :

JULIAN SOSNER, M.D. AND SUSAN COWELL, M.D.,  :

                          Defendants.   :

------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

*Pro se* plaintiff Joseph Korda commenced this action against defendants Julian Sosner, M.D. and Susan Cowell, M.D., asserting claims pursuant to § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1000-1461. Dr. Sosner provides medical examinations for union employees claiming medical disability. Plaintiff alleges that, after he suffered a work-related injury on September 23, 1990, Dr. Sosner issued an erroneous report concerning the extent of plaintiff's injuries and that the doctor committed malpractice in the conduct of plaintiff's physical examination. Dr. Cowell is the Chief Executive Officer of the Building Service 32BJ Health Fund which administers plaintiff's disability benefits. Plaintiff maintains that Dr. Cowell improperly curtailed plaintiff's long term disability benefits under the ERISA Plan, ignored plaintiff's complaints about Dr. Sosner's examination, and failed to keep plaintiff appraised of his rights. Defendants moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure.

The motions were referred to Magistrate Judge Ellis for a report and recommendation

("the Report"). The magistrate judge issued the Report, recommending that both of defendants' motions be granted and that plaintiff's claims be dismissed in their entirety.

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within a magistrate judge's report. See 28 U.S.C. § 636(b)(1). If the parties file objections to a report, the Court must make a *de novo* determination of those portions of that report to which objections are made. Id.; see also Fed. R. Civ. P. 72. The district judge may also receive further evidence from the parties or recommit the matter to the magistrate judge with additional instructions. Id. The district court need not conduct a *de novo* hearing on the matter. See Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions of a report to which objections are made. See American Express Int'l. Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y.1981), aff'd, 697 F.2d 287 (2d Cir.1982). When the parties do not submit objections to a report, the Court may adopt a magistrate judge's report absent "clear error" on the face of the record. See Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985); see also U.S. v. Male Juvenile, 121 F.3d 34, 38 -39 (2d Cir. 1997) ("failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object").

The Report correctly noted that plaintiff improperly named Dr. Sosner who "is neither a trustee nor an administrator of the [ERISA] Plan, and he has no administrative, fiduciary, or other role with respect to the Plan." Report at 9. The magistrate judge went on to find that plaintiff's allegations are insufficient to establish a basis for this Court to exercise diversity jurisdiction over the parties to decide plaintiff's medical malpractice claim. Id.

-2-

With respect to plaintiff's claims against Dr. Cowell, Magistrate Judge Ellis properly applied the deferential standard set forth in Pagan v. NYNEX Pension Plan, 52 F.3d 438 (2d Cir. 2005) to conclude that "there is no evidence in the record before the Court that would support a finding that the [ERISA Plan] Trustees' determination to deny Korda [long term disability] benefits under the Plan was erroneous as a matter of law." Report at 18. The Report also noted that plaintiff's submission of medical reports and other documents presented no facts which contradicted Dr. Sosner's findings or otherwise substantiated plaintiff's claims against her. Id. at 16-17.

Magistrate Judge Ellis advised the parties that failure to file timely objections shall constitute a waiver of those objections before the District Court and upon appellate review. Report at 19; see also Fed. R. Civ. P. 72(b). No party filed objections to the Report, and their time to do so has since expired. After carefully reviewing the Report, this Court finds that the record is not facially erroneous. Accordingly, this Court adopts the Report and, for the reasons stated therein, defendant Sosner's motion to dismiss plaintiff's claims, and defendant Cowell's motion for summary judgment, are granted. Plaintiff's claims are dismissed in their entirety.

Dated: August 19, 2009
New York, New York

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge